IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   Case No. 16-192-BAH |
| JOSE GONZALEZ VALENCIA | * |

* * * * *

**DEFENDANT'S MOTION IN OPPOSITION OF JOINDER OF DEFENDANTS**

Jose Gonzalez Valencia, by and through counsel, Alfred Guillaume III, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, hereby oppose the *Government's Motion for Joinder of Defendants for Trial*. For the reasons that follow, the government's motion should be denied.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On April 19, 2016, a federal grand jury returned an indictment charging Gerrado Gonzalez-Valencia ("Gerrado Gonzalez") with conspiracy to distribute five kilograms or more of cocaine, and five hundred grams or more of methamphetamine, knowing and intending such substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 963 and 960 and 18 U.S.C. §2. The time for the conspiracy dates from in and around January 2003 until April 2016. Gerrado Gonzalez was extradited to the United States on May 14, 2020. His trial is scheduled to begin on February 7, 2022.

On November 10, 2021, Jose Gonzalez Valencia ("Jose Gonzalez) was extradited to the United States from Brazil. On November 11, 2021, Jose Gonzalez appeared for the first in the District Court for the District of Columbia on charges stemming from an October 2016 indictment charging him with conspiracy to distribute five kilograms or more of cocaine,

1

knowing and intending such substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 963 and 960 and 18 U.S.C. §2.  The time for the conspiracy dates from in and around 2006 until October 2016.

## II.     LEGAL STANDARD & ANALYSIS

Federal Rule of Criminal Procedure 14 provides "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In *Zafiro v. United States*, 506 U.S. 534, 539 (1993), the Supreme Court explained that prejudice exists if "there is a serious risk that a joint trial would compromise the specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence."   This Court has explained that "[l]ikely examples of prejudice include…situations where defendants with varying degrees of culpability are tied together in a complex case; and situations where evidence is highly suggestive of one defendant's guilt is inadmissible against that defendant but nonetheless admissible against a co-defendant."  *United States v. Hopkins*, 128 F. Supp. 2d 1 (D.D.C. 2000) (internal citations omitted).

In *United States v. Burkley*, 591 F.2d 903 (D.C. Circuit 1978), the Court of Appeals explained that "when a defendant objects to consolidation that would be permissible under Rules 8a and 13 or moves for separate trials under Rule 14, because of criminal propensity prejudice, the trial court should initially be guided by whether evidence of each crime could be admitted in a separate trial of the other(s) under Federal Rule of Evidence 403 and 404(b)."  In this case, much of the evidence presented at trial against Gerrado Gonzalez would not pass the admissibility test explained in *Burkley*, and therefore be inadmissible against Jose Gonzalez.

2

The joinder of the two trials is not appropriate because any evidence presented against Gerrado Gonzalez, that occurred during the three years that Jose Gonzalez was not involved in the alleged conspiracy would substantially prejudice the case of Jose Gonzalez and prevent the jury from making a reliable judgement about his guilt.[1]  Here, Gerrado Gonzalez is charged with being a member of an alleged conspiracy that covers a period of at least three years (2003-2006) that Jose Gonzalez was not a member.  Therefore, the pre-2006 evidence against Gerrardo Gonzalez would be inadmissible and unduly prejudicial in a joint case with Jose Gonzalez.  Assuming arguendo, if the Court granted the government's joinder motion, the government should be prohibited from presenting evidence during the period (2003-2006) when Jose Gonzalez was not allegedly a member of the conspiracy.

In *United States v. Tucker*, 12 F.4th 804, (D.C. Circuit 2021), the Court explained that "[t]he varying roles played by members of a conspiracy will not render joint trial inappropriate as long as the jury can reasonably compartmentalize the substantial and independent evidence against each defendant."   A cursory review of the discovery in Jose Gonzalez's case demonstrates that the two defendants allegedly had varying degrees of culpability.  This is a complex case, an alleged decade long conspiracy in which each defendant is charged with importing drugs into the United States.  The indictments in these two cases are not identical. Gerrardo Gonzalez is charged with the importation of methamphetamine, a drug that was not charged in Jose Gonzalez's indictment.   Presumably, the government would offer witnesses at trial that would testify about Gerrado's Gonzalez involvement with methamphetamine.  A government witness, particularly a civilian or cooperating witness, would likely confuse a jury

---

[1] See *Zafiro*, 506 U.S. at 539

3

and cause substantial prejudice to Jose Gonzalez by testifying about Gerrado Gonzalez's alleged involvement with methamphetamine.

### III. CONCLUSION

For the foregoing reasons, the joinder for trial of the cases of Jose and Gerrado Gonzalez would substantially prejudice Jose Gonzalez. Therefore, Jose Gonzalez requests that the Court deny the government's motion for joinder.

Respectfully submitted,

*Alfred Guillaume*
Alfred Guillaume III, #MD0085
Law Offices of Alfred Guillaume III
6305 Ivy Ln. Suite 700
Greenbelt, MD 20770
301-377-2158

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of November 2021, a copy of the foregoing Motion was served electronically to all parties of record, including to the Office of the United States Attorney for the District of Columbia.

*Alfred Guillaume*
Alfred Guillaume III